IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| United States of America, | ) | CRIMINAL NO. 3:03-631-CMC |
| | ) | |
| v. | ) | **OPINION and ORDER** |
| | ) | |
| Jerry Frierson, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the court on Defendant's motion requesting termination of supervised

release.   ECF No. 73.  The United States Probation Office has notified this court that it has no

objection to the termination of Defendant's supervised release at this time; the United States

Attorney also has no objection to the termination of Defendant's supervision.  ECF No. 74.

Title 18 United States Code Section 3583(e) provides that

The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)--

> (1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice . . . .

Considerations contained in § 3553 include, *inter alia*, the nature and circumstances of the offense

and the history and characteristics of the defendant; the ability to afford adequate deterrence to

criminal conduct; the need to protect the public from further crimes of the defendant; and the need

to provide the defendant with needed educational or vocational training, medical care, or other

correctional treatment in the most effective manner.  18 U.S.C. § 3553.

"The plain language of the statute illustrates that § 3583(e), in the typical case, allows a

1

conduct-based inquiry into the continued necessity for supervision after the individual has served

one full year on supervised release." *United States v. Pregent*, 190 F.3d 279, 282-83 (4th Cir. 1999).

However, the statute

> is not exclusively limited to considerations of conduct. The language of the statute notes that the district court 'may' terminate supervised release 'if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.' The phrase 'the interest of justice' does give the district court latitude to consider a broad range of factors in addition to an individual's behavior in considering whether to terminate the supervised release period.

*Id*. at 283 (citation omitted).

Defendant has been on supervision for over two years and has been in full compliance with

the terms of supervision. Therefore, in the interest of justice, Defendant's request for termination

of supervised release is **granted**.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON McGOWAN CURRIE
SENIOR UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
September 24, 2014

2